# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| MICHAEL J. DENNIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 1:11-cv-876-SEB-TAB |
| | ) | |
| STANELY KNIGHT, | ) | |
| | ) | |
| Respondent. | ) | |

**E N T R Y**

**I.**

Final judgment dismissing the petitioner's petition for a writ of habeas corpus for lack of jurisdiction was entered on the clerk's docket on July 28, 2011. The petitioner's appeal from this disposition was docketed as No. 11-2872. That appeal was dismissed because of the petitioner's failure to comply with the requirements of Circuit Rule 3(c).

The matter presently considered is the petitioner's motion to correct error, filed with the clerk on February 7, 2012. "Rule 60 of the FED. R. CIV. P. regulates the procedure for obtaining relief from final judgments." *Arrieta v. Battaglia*, 461 F.3d 861, 864 (7th Cir. 2006)(citing *Wesco Prods. Co. v. Alloy Auto. Co.,* 880 F.2d 981, 983 (7th Cir. 1989)). The motion to correct error is treated as a motion for relief from judgment pursuant to Rule 60(b). *See United States v. Deutsch,* 981 F.2d 299, 301 (7th Cir. 1992) ("substantive motions to alter or amend a judgment served more than ten days after the entry of judgment are to be evaluated under Rule 60(b).").[1]

Under *Gonzalez v. Crosby,* 545 U.S. 524 (2005), a Rule 60(b) motion is a second or successive petition if it "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone,* 464 F.3d 1213, 1215 (10th Cir. 2006). Thus, when faced with a Rule 60(b) motion filed in response to the denial of a petition for habeas relief, the district court must first determine whether the motion "should be treated as a second or successive habeas petition [or whether] it should be treated as a 'true' 60(b) motion." *Id.,* at 1215.

---

[1] The current version of Rule 59 of the *Federal Rules of Civil Procedure* permits a Rule 59(e) motion to be filed within 28 days after the entry of judgment. The same result occurs applying the current 28-day filing period for a Rule 59(e) motion because Dennis' motion for relief from judgment was filed 6½ months after the entry of judgment on the clerk's docket.

The motion for relief from judgment contains Dennis' renewed challenge to his conviction in an Indiana state court in No. 49G05-0101-CF-008161. His motion asserts claims which were or which could have been presented in this action.

*Gonzalez* defines "claim" to include a federal habeas court's previous resolution of a claim on the merits. Applying this portion of *Gonzalez* here, it must be concluded that Dennis is advancing one or more "claims" as defined by *Gonzalez.* Because of this, and because Dennis is not permitted to circumvent the filing restriction of § 2244(b), his motion for relief from judgment must be treated as a new civil action.

## II.

The motion [20], including its attachment, shall be **processed as a new civil action.** The nature of suit code for the new action is 530, and the cause of action is 28: 2254(a). When composing the caption, the *petitioner* is Michael Dennis and the *respondent* is Dennis' custodian, Parole Officer.

A copy of this Entry shall be docketed in the newly opened action.

The assignment of judicial officers in the newly opened action shall be by random assignment.

## III.

The motion for relief from judgment [20] is denied insofar as it has been docketed in the above action because it is being processed as a new civil action consistent with the directions in Part II of this Entry.

**IT IS SO ORDERED.**

Date: 02/16/2012

*[signature: Sarah Evans Barker]*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

**Distribution:**

Michael J. Dennis
1922 West Washington St.
Apartment No. VI
Indianapolis, IN 46222

**Note to Clerk: Processing this document requires actions in addition to docketing and distribution.**